# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **BRANCH BANKING AND TRUST COMPANY,** | § § § | |
| *Plaintiff* | § § | |
| v. | § § | Case No. 1:19-CV-436-RP |
| **GLOVER LOGISTICS, INC., and JODY LYNN GLOVER,** | § § § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE**

Before the Court is Plaintiff Branch Banking and Trust Company's Motion for Default Judgment Against All Defendants, filed on September 27, 2019. Dkt. No. 12. On April 8, 2020, the District Court referred the above motion to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I. Background

On April 22, 2019, Plaintiff Branch Banking and Trust Company ("BB&T") filed this suit against Defendants Glover Logistics, Inc. ("GLI") and Jody Lynn Glover. BB&T seeks to recover damages against Defendants for breach of promissory notes and personal guaranty agreements. BB&T invokes the Court's diversity jurisdiction because it is a citizen of North Carolina, GLI and Glover are citizens of Texas, and the amount in controversy is over $75,000. 28 U.S.C. § 1332. BB&T served its Complaint on Defendants on April 23, 2019, and Defendants have failed to plead, respond, or otherwise defend. Dkt. No. 5 at 2, 4.

On May 28, 2019, the District Court ordered BB&T to move for an entry of default on or before June 11, 2019. Dkt. No. 6. BB&T so moved and, on June 12, 2019, was granted an entry of default as to each Defendant. Dkt. Nos. 7, 8, 9. On September 27, 2019, the District Court ordered BB&T to file a motion for default judgment, which BB&T filed the same day. Dkt. Nos. 11, 12. Defendants have made no appearance.

## II.  Legal Standard

Under FED. R. CIV. P. 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. *Id*. A party is not entitled to a default judgment as a matter of right, however, even where the defendant technically is in default. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Entry of default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Courts have developed a three-part test to determine whether to enter a default judgment. First, the court considers whether the entry of default judgment is procedurally warranted. *Nasufi v. King Cable Inc.*, 2017 WL 6497762, at *1 (N. D. Tex. Dec. 19, 2017) (citing *Lindsey,* 161 F.3d at 893). Second, the court assesses the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for the judgment. *Id.* at *2. Last, the court determines what relief, if any, the plaintiff should receive. *Id*.

## III.  Analysis

### A.  A Default Judgment Is Procedurally Warranted

In determining whether a default judgment is procedurally warranted, courts in the Fifth Circuit consider the following factors:

> (1) whether material issues of fact are at issue;
> (2) whether there has been substantial prejudice;
> (3) whether the grounds for default are clearly established;
> (4) whether the default was caused by a good faith mistake or excusable neglect;
> (5) the harshness of a default judgment; and
> (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

Applying these factors to BB&T's motion, the Court finds that default judgment is procedurally warranted. First, because Defendants have not filed an answer or any responsive pleadings, no material facts are in dispute. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Second, taking Plaintiff's well-pleaded factual allegations as true, Defendants' debt is $449,979.43 plus interest, Dkt. No. 12 at ¶ 24, and BB&T continues to incur legal fees seeking to collect the debt. BB&T will be substantially prejudiced if its request for default judgment is denied. Third, the grounds for default are "clearly established." Defendants have failed to respond to any of the proceedings in this case, and the clerk has entered default as to both Defendants. Dkt. Nos. 8, 9. Fourth, because Defendants have failed to appear in this suit, the Court can find no good faith mistake or excusable neglect on the Defendants' part. Fifth, BB&T seeks only the relief to which it is entitled under the law, thus mitigating the harshness of a default judgment. Finally, the Court is not aware of any facts giving rise to good cause to set aside default judgment in this case if challenged by Defendants. Accordingly, the Court concludes that default judgment is procedurally warranted.

### B. There Is a Sufficient Basis in the Pleadings for the Judgment

The Court next must determine whether there is a sufficient basis in the pleadings for the judgment requested. *Nishimatsu*, 515 F.2d at 1206 (noting that "default is not treated as an absolute

confession by the defendant of his liability and of the plaintiff's right to recover"). Based on its failure to respond, courts are to assume a defendant admits all well-pleaded facts in a complaint. *Id*. However, a "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id*.

BB&T's Complaint asserts three causes of action for breach of contract against Defendants. Dkt. No. 1 at ¶¶ 21-34. In Texas, the elements for a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007). A breach occurs when a party fails to perform a duty required by the contract. *Id*.

As stated above, Defendants have not appeared or responded to any pleadings, and thus have not contested any facts submitted by BB&T. Taking BB&T's allegations as true, BB&T has satisfied the elements of a breach of contract by showing that:

1. There were valid contracts between BB&T and GLI in the form of two promissory notes[1] and one line of credit,[2] each secured by commercial security agreements,[3] and two valid contracts between BB&T and Glover in the form of guaranty agreements;[4]
2. BB&T fully performed under the Agreements by loaning GLI the agreed amounts;[5]
3. GLI defaulted under the terms of the contracts by failing to pay its indebtedness under the agreements and Glover defaulted under the terms of the guaranty agreements by failing to pay the amounts due under the agreements;[6] and
4. BB&T sustained damages for the unpaid payments as a result of the breaches amounting to $449,979.43, excluding attorneys' fees.[7]

BB&T has sufficiently pled its breach of contract claims.

---

[1] Dkt. No. 1, Exs. A, I.
[2] *Id.*, Ex. D.
[3] *Id.*, Exs. B, H, J.
[4] *Id.*, Exs. C, K.
[5] *Id.* at ¶ 20.
[6] *Id.* at ¶¶ 14, 15, 18-19.
[7] Dkt. No. 12 at ¶ 24.

### C. Damages, Fees, Costs, and Interest

Having found that the motion for default judgment should be granted and judgment entered in favor of BB&T, the undersigned now must determine the appropriate amount of damages. When the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

BB&T seeks damages of $449,979.43 plus prejudgment interest of $76.42 accrued on a daily basis from March 21, 2019, until the day before entry of default judgment, as well as post-judgment interest at the contractual rate of 15% per diem. Dkt. No. 12 at p. 6. A hearing is not necessary because BB&T has submitted adequate documentation for the requested damages. Dkt. No. 12-2. The well-pleaded facts establish BB&T's claims for breach of contract and BB&T's entitlement to the requested damages.

BB&T also requests $11,686.90 in attorneys' fees, costs, and expenses. Dkt. No. 12 at ¶¶ 26-29. BB&T submits the affidavit of attorney Catherine (Kate) Gaither in support of the request. Dkt. No. 12, Ex. C. The affidavit provides an itemized list of time billed, and Gaither suggests that an hourly rate of $300 per hour is reasonable under the lodestar method. *Id*. at ¶ 15. The undersigned finds that an hourly rate of $300 is reasonable for commercial litigation, considering Gaither's knowledge and experience and the usual and customary charges in this area for similar services for attorneys with similar experience, reputation, and ability. Therefore, the Court should award attorneys' fees, costs, and expenses of $11,686.90.

BB&T also seeks to recover amounts for potential future attorneys' fees. Dkt. No. 12 at 6. Given Defendants' failure to answer or defend this action, the undersigned recommends that the Court decline a contingent award of attorneys' fees for post-judgment and appellate services. BB&T may request such an award if and when it incurs any such fees.

## IV.     Recommendation

The undersigned **RECOMMENDS** that the District Court **GRANT IN PART AND DENY IN PART** Plaintiff's Motion for Default Judgment Against All Defendants. Dkt. No. 12. The undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiff's request for damages, pre- and post-judgment interest, and attorneys' fees and costs and **ENTER JUDGMENT** in favor of Plaintiff against Defendants Glover Logistics, Inc. and Jody Lynn Glover. The undersigned further **RECOMMENDS** that the District Court **DENY** without prejudice Plaintiff's request for conditional fees. **IT IS FURTHER ORDERED** that this case be removed from the undersigned's docket and returned to the docket of the Honorable Robert Pitman.

## V.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 21, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE